UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LARRY EMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *vs*. | ) | Case No. 1:22-cv-00188-HAB-SLC |
| | ) | |
| CITY OF MARION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Larry Emmons (Emmons) agreed during mediation to settle this lawsuit for $1,000.00 and payment of his share of the mediation fee. Following mediation, Emmons repudiated the agreement and refused to sign settlement documents. After a time, Defendant, City of Marion (the "City"), sought enforcement of the settlement agreement in a motion filed before the undersigned. (ECF No. 20). On October 31, 2023, the Court held a status conference with counsel, granted the City's motion to enforce settlements, and directed the Plaintiff to finalize the settlement documents and file dismissal papers by November 30, 2023. (ECF No. 26). The Court indicated that if Emmons failed to execute the settlement documents, the Court would entertain dismissal of the case with prejudice and the imposition of sanctions. (*Id.*).

On the due date for dismissal papers, Emmons' counsel requested an extension of time stating that "Plaintiff is having technical difficulties signing the settlement documents." (ECF No. 28, ¶2). In reality, on November 30, 2023, Emmons' counsel had sent Emmons her notice of intent to withdraw from the case citing a breakdown of the attorney-client relationship. (ECF No. 31-1). The Court granted the extension, giving the Plaintiff until December 7, 2023, to file dismissal papers. (ECF No. 30). No stipulation of dismissal was filed. On December 8, 2023, Emmons' counsel moved to

withdraw from the case. (ECF No. 31). This was followed by the City's Motion to Dismiss with Prejudice and for Sanctions. (ECF No. 33). Having reviewed Emmons' counsel's request to withdraw, the Court GRANTS the request. (ECF No. 31).

As for the City's request for dismissal and sanctions, Fed. R. Civ. P. 41(b) allows a defendant to seek dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Whether to dismiss for non-compliance with an order is within the Court's discretion. *Jennings v. Principi,* 114 F. App'x 224, 226 (7th Cir. 2004). A case should only be dismissed pursuant to Rule 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (quotation marks omitted); *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (noting that dismissal for want of prosecution is "an extraordinarily harsh sanction that should be used only in extreme situations" (quotation marks omitted)).

The City moves for dismissal with prejudice based on Emmons' refusal to comply with this Court's order that he sign the settlement documents. The City recites the case history and the attempts made to obtain the signed settlement documents, ultimately resulting in the City's seeking a Court order to enforce the settlement agreement. Plaintiff's counsel too, appears to have had difficulty obtaining signed settlement documents from her own client. That said, the Seventh Circuit "encourage[s] district courts to provide an explicit warning [of an impending dismissal] before a ... Rule 41 dismissal is ordered." *Brown*, 664 F.3d at 192; *see also Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006) (clarifying that an earlier statement by the court that an explicit warning must be given "was not intended to lay down a rigid rule" but was rather intended "as a useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal").

While the Court believes it has adequately warned Emmons through his counsel that his refusal to execute the settlement agreement has consequences, now that he is unrepresented, the Court will again do so out of an abundance of caution. [1] Emmons is given until January 26, 2024, to show cause why his case should not be dismissed with prejudice and why he should not be held responsible, at a minimum, for his portion of the mediation costs and at a maximum for the City's attorneys fees to enforce the agreement. Failure of Emmons to respond by the deadline will result in dismissal under Rule 41(b) and an order for sanctions in an amount to be determined by the Court.

## <u>Conclusion</u>

Amber Boyd's Motion to Withdraw as counsel for Emmons (ECF No. 31) is GRANTED. Plaintiff, Larry Emmons, is ORDERED to SHOW CAUSE by January 26, 2024, why his case should not be dismissed with prejudice and an order for sanctions be imposed for his failure to observe the orders of this Court. The City's Motion to Dismiss with Prejudice and for Sanctions (ECF No. 33) remains under advisement. The CLERK is DIRECTED to mail a copy of this Order to the plaintiff at the address provided in ECF No. 32: 2805 Boots Street, Marion, IN 46953

SO ORDERED on January 4, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] Although the Court understands Plaintiff's counsel's frustration with Emmons, there are several problems with the notice of intent to withdraw. First, the notice references that counsel is withdrawing from the wrong client's case. Second, while informing Emmons that he may be responsible for defendant's costs and mediation fees, the notice fails to advise Emmons that his refusal to sign the settlement documents may result in a dismissal of his case with prejudice as the Court previously warned. Third, counsel moved for an extension of time on November 30, 2023, but her notice does not indicate that she has done so. As a result, to ensure that Emmons is properly warned, the Court will provide an explicit warning directly to Emmons.