UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LARRY EMMONS, | ) |
|     Plaintiff, | ) ) ) |
|     *vs*. | ) )   Case No. 1:22-cv-00188-HAB-SLC |
| CITY OF MARION, | ) ) ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Larry Emmons (Emmons) agreed during mediation to settle this lawsuit for $1,000.00 and payment of his share of the mediation fee. Following mediation, Emmons repudiated the agreement and refused to sign settlement documents. After a time, Defendant, City of Marion (the "City"), sought enforcement of the settlement agreement in a motion filed before the undersigned. (ECF No. 20). On October 31, 2023, the Court held a status conference with counsel, granted the City's motion to enforce settlements, and directed the Plaintiff to finalize the settlement documents and file dismissal papers by November 30, 2023. (ECF No. 26). During that conference, the Court told Emmons' counsel that "you should caution your client…that if those settlement papers are not forthcoming, I will be entertaining a Motion to Dismiss the matter with prejudice and also could, perhaps, entertain a motion for further sanctions…[this] would result in not only the loss of the one thousand dollars that the [City] agreed to pay to the Plaintiff at the mediation, but also the defendant has already paid $774.75 for the Plaintiff's portion of the mediation fee. So he could not only lose the thousand dollars, he could be sanctioned or be required to repay the Defendant $774.75 and may risk dismissal of his case." (Tr. October 31, 2023, Status Conference at 2-3). Plaintiff did not sign and file

the dismissal papers by the November 30 deadline, the extended deadline granted by the Court at counsel's request, or at any other time.

Since the status conference, the City has twice moved to dismiss and sought sanctions. (ECF Nos. 33, 37). Between the two requests, this Court permitted counsel for Emmons to withdraw and ordered Emmons to show cause why his case should not be dismissed. (ECF No. 36). He missed that deadline too.

So now the Court turns to the City's requests for dismissal and sanctions, Fed. R. Civ. P. 41(b) allows a defendant to seek dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Whether to dismiss for non-compliance with an order is within the Court's discretion. *Jennings v. Principi,* 114 F. App'x 224, 226 (7th Cir. 2004). A case should only be dismissed pursuant to Rule 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (quotation marks omitted); *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (noting that dismissal for want of prosecution is "an extraordinarily harsh sanction that should be used only in extreme situations" (quotation marks omitted).

The City moves for dismissal with prejudice based on Emmons' refusal to comply with this Court's order that he sign the settlement documents. The City recites the case history and the attempts made to obtain the signed settlement documents, ultimately resulting in the City's seeking a Court order to enforce the settlement agreement. Plaintiff's counsel too, appears to have had difficulty obtaining signed settlement documents from her own client. At this stage, the Court believes it has adequately warned Emmons through both his counsel and with a separate Show Cause Order that his refusal to execute the settlement agreement has consequences. Accordingly, the Court GRANTS the

Defendant's first Motion to Dismiss (ECF No. 33) and DISMISSES the case with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court ORDERS Plaintiff, within thirty (30) days, to reimburse the City of Marion $774.75 in mediation fees paid on his behalf. The Court DENIES the City's request for sanctions in the form of attorney fees expended to enforce the agreement and obtain this dismissal. Defendant's second Motion to Dismiss (ECF No. 37) is DENIED as MOOT.

The CLERK is DIRECTED to enter judgment in favor of the City in the amount of $774.75 along with the costs of this action.

SO ORDERED on March 6, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT